IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE RUDY KIRK, | No. C 06-0071 CW (pr) |
|     Petitioner, | |
|   v. | ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING AN EXTENSION OF TIME FOR PETITIONER TO FILE TRAVERSE |
| MELVIN HUNTER, DIRECTOR, DMH, | |
| | (Docket no. 19) |
|     Respondent. | |

    On December 21, 2002, Petitioner was adjudicated a sexually violent predator under the provisions of California's Sexually Violent Predators Act, Cal. Welf. & Inst. Code § 6601, et seq. (SVPA), following a bench trial in the Sonoma County Superior Court.  On the basis of that finding, he was ordered to be committed to a state mental health facility for a period of two years.

    Petitioner filed this pro se petition for a writ of habeas corpus on January 9, 2006.

    In an Order dated June 13, 2006, the Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse within thirty days after the answer was filed.  Respondent filed his answer on August 11, 2006.

    Petitioner has requested appointment of counsel in this action (docket no. 19).  He alleges that he has limited access to "law books . . . which makes it very hard to work on [his] writ."

    The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes

a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

    The Court finds that appointment of counsel is not warranted in this case.  This is not an exceptional case that would warrant representation on federal habeas review.  Therefore, Petitioner's request for appointment of counsel (docket no. 19) is DENIED.

    Now that the Court has ruled on his request for appointment of counsel, the Court grants Petitioner an extension of time to file a traverse.  Petitioner shall file his traverse no later than

<u>sixty (60) days</u> from the date of this Order.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision on the date his traverse is due.

This Order terminates Docket no. 19.

IT IS SO ORDERED.

DATED: 10/25/07

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE RUDY KIRK,<br><br>    Plaintiff,<br><br>  v.<br><br>MELVIN HUNTER et al,<br><br>    Defendant.<br>_____/ | Case Number: CV06-00071 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lawrence Rudy Kirk 9962279
166-9
P.O. Box 5003 #7
Coalinga, CA 93210

Sharon R. Wooden
CA Attorney General's Office
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102-7004

Dated: October 25, 2007

                                              Richard W. Wieking, Clerk
                                              By: Sheilah Cahill, Deputy Clerk