IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE RUDY KIRK,

    Petitioner,

  v.

MELVIN HUNTER,

    Respondent.
                                      /

No. C 06-0071 CW

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

    In this pro se petition, Petitioner Lawrence Rudy Kirk challenges his civil commitment as a sexually violent predator (SVP) under the Sexually Violent Predator Act (SVPA). Cal. Welf. & Inst. Code § 6600 et seq.

PROCEDURAL HISTORY

    The SVPA allows the civil commitment of violent criminal offenders who have committed particular forms of predatory sex acts against either adults or children, and who are incarcerated. Hubbart v. Superior Court, 19 Cal. 4th 1138, 1154 n.20 (1999). Commitment as an SVP cannot occur unless it is proven, beyond a reasonable doubt, that the individual (1) was convicted of a sexually violent offense against two or more victims; (2) currently suffers from a clinically diagnosed medical disorder as defined in

the SVPA; and (3) is dangerous and likely to continue committing such crimes if released into the community. Id.

In 1998, Petitioner was discharged on parole from a state sentence for sex offenses. (Resp't Ex. 3, People v. Kirk, No. A104584, at 2 (Mar. 22, 2005) (Kirk I).) After five weeks, his parole was revoked. (Id.) In December, 2000, Petitioner was committed to the California Department of Mental Health for two years as an SVP after a jury trial. (Id. at 1.) He was committed to Atascadero State Hospital (ASH). (Id. at 2.) In December, 2002, the Sonoma County District Attorney filed a petition to extend Petitioner's commitment. (Id.) A jury found Petitioner to be an SVP and he was recommitted for two more years.[1] (Id.) Petitioner filed a direct appeal and the court affirmed the verdict. (Id.)

In October, 2004, another petition to extend Petitioner's commitment was filed. (Resp't Ex. 5, Motion for Review of Petition to Extend Commitment as an SVP, at 4.) The superior court judge found probable cause and scheduled a trial.[2] (Pet'r Ex. A to Traverse, People v. Kirk, No. A111308, at 1 (Feb. 1, 2007) (Kirk

---

[1] At the time of Petitioner's 2002 commitment extension proceedings, the SVPA commitment was limited to a maximum term of two years unless the State filed a new petition to continue the SVP commitment. Cal. Welf. & Inst. Code §§ 6604, 6604.1 (2002). In 2006, the statute was amended to make the term indeterminate. See Cal. Welf. & Inst. Code §§ 6604, 6604.1 (2008).

[2] On August 30, 2005, a jury recommitted Petitioner for two more years. (Id. at 1-2.) Petitioner filed a direct appeal of these proceedings and the court of appeal reversed and remanded based on Petitioner's claim of ineffective assistance of counsel. (Id. at 1.) Those trial proceedings are not challenged here.

2

II).)

Petitioner filed a petition for a writ of habeas corpus in the superior court challenging the constitutionality of his 2002 trial and his 2004 probable cause hearing. The court denied the petition. (Pet'r Ex. B to Petition, In re Kirk, No. SCR-12659, at 1 (Mar. 4, 2005).) The court of appeal and the state supreme court also denied his habeas corpus petition, both without opinion. (Pet'r Ex. C to Petition, In re Kirk, No. A109597, at 1 (Mar. 30, 2005); Pet'r Ex. D. In re Kirk, No. S133151, at 1 (June 8, 2005).

BACKGROUND

On direct appeal from the first extension of his SVP commitment in 2002, the court summarized Petitioner's history as follows:

> In 1964, 19-year-old appellant approached 17-year-old Sandra L. at a recreation area, pushed her down, tore her clothing and made unwanted sexual advances toward her. Thereafter, he was sent to the California Youth Authority.
>
> In 1972, 12-year-old Cynthia B. was awakened by someone removing the screen from her bedroom window. Soon after, she saw appellant come out from behind a bush and drive off in his car. A few days before, while Cynthia B. was visiting the home of appellant's minor niece, appellant chased Cynthia B. causing her to be fearful and lock herself inside a room.
>
> In 1978, appellant was the friend of eight-year-old Linda E.'s mother and occasionally visited their home. On one occasion appellant took Linda E. to his house where he removed his pants, got on top of her and penetrated her with his penis. He threatened to kill her, her mother, and her stepfather if she told anyone about the incident. After developing gonorrhea, Linda E. told her mother which led to apellant's arrest and conviction. Following his conviction, appellant was found to be a mentally disordered sex offender and committed to Patton State Hospital. He was released in 1982.
>
> In October 1987, Joan C. and appellant began dating. On one occasion when Joan C.'s 13-year-old daughter,

> Melissa C., stayed home sick from school, appellant came to the house and forced her to have sex. In July 1988, Melissa C. told her mother about appellant's molestations and he was arrested, convicted and sent to state prison
>
> In 1996, [Petitioner] was transferred from state prison to Atascadero State Hospital (ASH). He was discharged on parole, but after five weeks, his parole was revoked because he missed his first parole officer appointment because he was with a woman overnight. He has been at ASH since his SVP commitment in December 2000.
>
> . . .
>
> [A]ppellant admitted [in 2002] that he falsely told the police that Melissa C. was a 13-year-old prostitute and he gave her $30 for sex . . . . He claimed that he and Sandra L. had consensual sex and denied ripping her clothes. He also denied penetrating eight-year-old Linda E., but admitted impulsively removing her clothes and masturbating on her stomach. Whether his act was right or wrong did not "cross his mind."

(Kirk I, at 2.)

The court of appeal noted that Petitioner has refused counseling at ASH because he does not believe he has a mental disorder. (Id.) The court also noted that Petitioner has exhibited repeated instances of inappropriate behavior and vulgar verbal abuse towards female staff at ASH. (Id. at 4; see also Resp't Ex. 1, vol. 3, Report of Dr. Jay Seastrunk, Jul. 27, 2002, at 16.)

Psychologist Dr. Dawn Starr testified for the prosecution at the 2002 commitment extension trial. (Kirk I, at 3.) Dr. Starr interviewed Petitioner in July, 2002 and May, 2003 and reviewed his ASH records and criminal information packet. (Id.) She opined that Petitioner met the criteria of an SVP. (Id.) She diagnosed Petitioner as suffering from "pedophilia, sexually attracted to females, non-exclusive type, cannabis abuse, alcohol abuse, and a personality disorder with narcissistic and antisocial features."

4

(Id. at 3-4.) Dr. Starr determined that the pedophilia and personality disorder rose to the level of statutorily defined SVP diagnoses. (Resp't Ex. 1, v. 3, Clerk's Transcript, at 46.) Dr. Starr determined that Petitioner was likely to reoffend based on his score on the Static 99 scale and his lack of remorse. (Kirk I, at 4.)

Dr. Jay Seastrunk, Petitioner's treating psychiatrist in 2001 and evaluator in 2002, also testified for the prosecution at the 2002 trial. (Id.) Dr. Seastrunk also concluded that Petitioner had exhibited a pattern of inappropriate sexual activity and was in danger of reoffending. (Id.)

Petitioner called Dr. John Podboy, an expert in forensic psychology. (Id.) Dr. Podboy testified that, in general, the rate of sexual recidivism decreases with age. (Id.) At the time of the hearing, Petitioner was fifty-eight years old. Petitioner also called psychologist Dr. Theodore Donaldson, who had interviewed Petitioner in 2000 and May, 2003 and reviewed the prosecution's psychological reports. (Id.) Dr. Donaldson disagreed with Drs. Starr and Seastrunk and opined that Petitioner did not have a diagnosed mental disorder and that because of his age, he presented a low risk of reoffending. (Id.)

## LEGAL STANDARD

This Court may entertain a petition for a writ of habeas corpus of an individual in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Court may not grant habeas corpus relief unless the state court's ruling "was contrary to, or involved an

unreasonable application of," clearly established United States Supreme Court law or was based on an unreasonable determination of the facts.  28 U.S.C. §§  2254(d)(1), 2254(d)(2); Williams v. Taylor, 529 U.S.C. 362, 411-413 (2000).

Where, as here, the highest state court to reach the merits issued a summary opinion which does not explain the rationale of its decision, federal court review under § 2254(d) is of the last state court opinion to address the merits.  Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000).  In this case, the last state court opinion to address the merits of Petitioner's habeas corpus claims is that of the California superior court.

A judgment committing an individual under the SVPA is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards set forth in 28 U.S.C. § 2254(d).  See Carty v. Nelson, 426 F.3d 1064, 1072-73, amended, 431 F.3d 1185 (9th Cir. 2005).  A California court's interpretation and application of the SVPA should not be revisited in a federal habeas action unless the state court's interpretation and application of the SVPA violates federal due process.  See Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004).

## DISCUSSION

I. The Merits of the SVP Determination

Petitioner makes three general challenges to the merits of his SVP determination.  The Court will construe Petitioner's argument as a due process challenge of California's SVPA civil commitment scheme as applied to him.  Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally.  Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).  Specifically,

1  Petitioner argues that the SVPA is unconstitutional as applied to
2  him because he did not commit a "recent overt act" of sexually
3  violent predation.  Petitioner's second argument is that he may not
4  be found to be presently dangerous under the SVPA after having been
5  paroled unless his parole had been revoked for reoffending.
6  Petitioner's third argument is that the trial court did not have
7  sufficient evidence to commit him civilly.

8      The California Supreme Court has upheld the SVPA as
9  constitutional against due process, equal protection and ex post
10 facto challenges.  <u>Hubbart v. Superior Court</u>, 19 Cal. 4th at 1152-
11 1153.  The <u>Hubbart</u> court relied on the decision of the United
12 States Supreme Court in <u>Kansas v. Hendricks</u>, 521 U.S. 346, 370
13 (1997), which upheld a similar Kansas statute against similar
14 challenges.  The Kansas and California schemes use "nearly
15 identical" language in defining an SVP as "someone who suffers from
16 a diagnosed mental disorder which 'predisposes' the person to
17 committing sexually violent acts and which makes the person a
18 'menace' to the health and safety of others and 'likely' to
19 reoffend."  The only difference is that the California statute adds
20 that an SVP is a "'danger' to the public."  <u>Hubbart v. Superior
21 Court</u>, 19 Cal. 4th at 1158 n.24.

22     The plain language of the SVPA supports Respondent's
23 contention that a recent overt act is not necessary for an SVPA
24 commitment.  Section 6600(d) of the SVPA specifically states that
25 "danger to the health and safety of others . . . does not require
26 proof of a recent overt act while the offender is in custody."
27 Cal. Welf. & Inst. Code § 6600(d); <u>see also</u> <u>People v. Hubbart</u>, 88
28 Cal. App. 4th 1202, 1221 (2001) ("the SVPA requires proof of a

7

current mental condition and current dangerousness but not a recent overt act"); In re Calhoun, 121 Cal. App. 4th 1315, 1323 (2004).

Petitioner cites the Washington state case of In re Albrecht, 147 Wash. 2d 1, 51 (2002), for his argument that a recent overt act is necessary for civil commitment under California's SVPA. However, the AEDPA standard limits this Court to an evaluation of United States Supreme Court law. Therefore, state law cases are inapposite, especially one from a different state, interpreting a different law.

Likewise, Petitioner's second argument -- that SVPA proceedings against him were inappropriate because his parole was not revoked due to an act of sexually violent predation -- is without merit. SVPA section 6601(a) specifically authorizes SVPA proceedings against one whose parole has been revoked. Cal. Welf. & Inst. Code § 6601(a). It does not require that the parole revocation was based on a sex offense.

Petitioner also claims that the trial court had insufficient evidence to make an SVP finding. The superior court's rejection of this contention was not unreasonable. The superior court cited Hubbart v. Superior Court, which relied on controlling Supreme Court authority in Hendricks. Hubbart determined that the SVPA commitment scheme allowing for commitment based on past convictions, current clinically diagnosed medical disorder and evaluation of current dangerousness was constitutional. Hubbart v. Superior Court, 19 Cal. 4th at 1163-1164. The court emphasized that "the United States Supreme Court has consistently upheld commitment schemes authorizing the use of prior dangerous behavior to establish both present mental impairment and the likelihood of

8

future harm."  Id.

Petitioner specifically attacks the pedophilia diagnoses of Drs. Starr and Seastrunk, asserting that they were based on his past sexual misconduct alone and do not prove his current condition.  Petitioner is incorrect.  Drs. Starr and Seastrunk relied on incidents other than his past convictions, including other sexual misconduct, inappropriate behavior while at ASH -- especially his pattern of abusive comments to female staff, his Static 99 score, his lack of remorse and his refusal of therapy.

In sum, the superior court was not unreasonable in rejecting Petitioner's claim that due process requires a recent overt act for an SVPA commitment.  Although the state court did not directly address this issue, Petitioner's claim that an SVPA determination was inappropriate because he was in custody for a parole violation that was not a sex offense is without merit.  Finally, the state court was not unreasonable in determining that there was no deficiency in the SVPA proceedings that would warrant overturning the jury verdict.

II.  False Documentary Evidence

Petitioner claims that in the probable cause hearing for the State's 2004 petition to extend his commitment, the prosecution presented false documentary evidence.  Petitioner alleges that the State listed four California Department of Corrections and Rehabilitation (CDCR) prisoner numbers as belonging to him and that the State incorrectly reported that he was currently incarcerated

9

in state prison.[3]

Petitioner claims that this violated the truth in evidence rule in the California Constitution, Art. I, § 28(d). However, a federal habeas corpus claim cannot be based on the California Constitution. Petitioner also appears to raise this as a federal due process claim and the Court will construe it as such. In order to obtain habeas relief on the basis of an evidentiary error, Petitioner must show that the error was one of constitutional dimension and that it was not harmless under Brecht v. Abrahamson, 507 U.S. 619 (1993). He must show that the error had "'a substantial and injurious effect' on the verdict." Dillard v. Roe, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (quoting Brecht, 507 U.S. at 623).

Respondent concedes that some of the identification numbers were inaccurate and that Petitioner was not incarcerated in a prison at the time of the hearing but was civilly committed at ASH. However, Respondent points out that the prosecutor corrected the errors in a declaration filed on the same day, and that the court did not consider this information in making its determination that there was probable cause. (Resp't Ex. 5, at 53.)

Petitioner fails to explain how the incorrect CDCR numbers or the incorrect information about where he was incarcerated could have prejudiced his case in any way, let alone had a "substantial

---

[3] The prosecution asserted in an October 14, 2004 motion to the state court that Petitioner was "presently an inmate at the California Department of Corrections with the CDC numbers of E-11001, D17643, C98928, J21285 . . ." (Resp't Ex. 5, Motion for Review of Petition to Extend Commitment as an SVP, Ex. 5, at 4.) Only CDCR numbers E-11001 and C98928 belonged to Petitioner while he was incarcerated. (Resp't Ex. 7, Fax from N. Grannis to S. Wooden, Aug. 8, 2006, at 1-5.)

10

and injurious effect" on the outcome.  The superior court rejected this claim in its order denying the petition for a writ of habeas corpus.  (Superior Ct. Habeas Corpus Denial at 1-2.)  The superior court did not unreasonably apply United States Supreme Court authority, nor did it make an unreasonable determination of the facts.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED.  The clerk shall enter judgement and close the file.  All pending motions are terminated.  Each party shall bear his own costs.

IT IS SO ORDERED.

Dated: 11/21/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE RUDY KIRK,

    Plaintiff,

v.

MELVIN HUNTER et al,

    Defendant.

Case Number: CV06-00071 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lawrence Rudy Kirk 9962279
166-9
P.O. Box 5003 #7
Coalinga,  CA 93210

Sharon R. Wooden
CA Attorney General's Office
455 Golden Gate Ave.
Suite 11000
San Francisco,  CA 94102-7004

Dated: November 21, 2008

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk